**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANDREW MASON,<br>Plaintiff, | : | NO. 4:25-CV-01908 |
| | : | |
| v. | : | (KANE, D.J.) |
| | : | |
| FRANK BISIGNANO,<br>*Commissioner of the Social Security Administration*,<br>Defendant. | : | (CAMONI, M.J.) |

## REPORT AND RECOMMENDATIONS

Plaintiff Andrew Mason brought this action under 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying his claim for disability benefits under Titles II and XVI of the Social Security Act. Transcript, doc. 8-2 at 35. He challenges the Administrative Law Judge's (ALJ) residual functional capacity assessment. *See* Pl.'s Br., doc. 13 at 1. Because the ALJ's determinations are supported by substantial evidence, the undersigned respectfully recommends that the Court affirm the decision of the Commissioner.

## I. BACKGROUND

### A. Procedural History

On April 4, 2022, and April 11, 2022, Mason applied for disability benefits under Titles II and XVI of the Social Security Act, alleging onset of disability beginning May 8, 2021. Docs. 8-3 at 2; 8-2 at 18. Following an initial denial, Mason submitted an appeal, requesting a hearing before an ALJ. Doc. 8-4 at 27. The ALJ conducted the hearing and determined that Mason was not disabled. Doc. 8-2 at 35.

Mason filed a request for review of the ALJ's decision, which the Appeals Council denied. *Id.* at 2. The ALJ's decision, therefore, became the final decision of the Commissioner. 42 U.S.C. § 405(g). Pending before this Court is Mason's action seeking judicial review of the Commissioner's decision. Complaint, doc. 1. This case is fully briefed (docs. 13-15) and ripe for resolution.

### B. The Disability Determination Process

To determine whether a claimant is disabled under the Social Security Act, an ALJ applies a "five-step sequential evaluation process." 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The ALJ assesses whether the claimant:

1. has engaged in substantial gainful activity since the onset of the alleged disability;
2. had a severe medically determinable impairment;
3. suffered from an impairment listed in the regulations as presumptively disabling;
4. could return to his past work; and
5. could perform other available work in the national economy.

*See* §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

At step four, the ALJ also determines whether the claimant's RFC allows the claimant to continue his previous employment. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). RFC "is the most [a claimant] can still do despite" impairments. §§ 404.1545(a)(1), 416.945(a)(1). The claimant bears the burden of persuasion through step four, while at step five, the burden shifts to the Commissioner to show that the claimant can perform substantial gainful employment other than the claimant's past relevant work. *Williams v. Sullivan*, 970 F.2d 1178, 1181 (3d Cir. 1992), citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

**C. Issues on Appeal**

After following the five-step sequential analysis, the ALJ determined that Mason "has not been under a disability . . . from May 8,

2021," through the date of the ALJ's decision. Doc. 8-2 at 35. The ALJ determined at the RFC stage that Mason has the ability:

> to perform less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). Specifically, the claimant can occasionally lift and carry up to 20 pounds and frequently lift and carry up to 10 pounds. He can sit for six hours total in an eight-hour workday and stand and/or walk for six hours total in an eight-hour workday. Further, the claimant can only frequently push or pull with both upper extremities. He can only frequently operate foot controls with both feet. Additionally, the claimant can only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. He can never climb ladders, ropes, and scaffolds. Moreover, the claimant can only frequently rotate, flex, and extend his neck. He can only frequently reach bilaterally and reach overhead bilaterally. Furthermore, the claimant can only occasionally handle and finger bilaterally. He needs to avoid concentrated exposure to extreme cold, extreme heat, wetness, excessive noise, excessive vibration, hazardous moving machinery, and unprotected heights. In addition, the claimant is limited to occupations that do not require fine hearing capability. He can only perform simple, routine, and repetitive tasks in a low-stress work environment (no strict production quotas and no assembly line pace work). Moreover, the claimant can only occasionally interact with the public, coworkers, and supervisors. Finally, he can tolerate only occasional changes in a routine work setting.

*Id.* at 24-25. The ALJ denied Mason's disability claim at step five, after considering his "age, education, work experience, and residual functional capacity," because he found that "there are jobs that exist in significant

numbers in the national economy that the claimant can perform." *Id.* at 34.

Mason argues that the ALJ erred by: (1) failing to support the mental RFC with evidence; (2) failing to properly evaluate medical opinion evidence; and (3) failing to properly evaluate his symptoms. Doc. 13 at 1. Adhering to the deferential standard of review outlined below, the undersigned respectfully recommends that the Court affirm the decision of the Commissioner.

## II. LEGAL STANDARD

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court is limited to determining whether the findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Under the substantial-evidence standard, a court examines an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence does not mean a

large or considerable amount of evidence, but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103; *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). In reviewing the record for substantial evidence, "[n]either the district court nor [the Third Circuit] is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams*, 970 F.2d at 1182. To reverse the

ALJ's findings and decision, the Court "must find that the evidence not only supports [a contrary] conclusion but compels it." *Immigr. & Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

The question before the Court, therefore, is not whether Mason is disabled, but whether the Commissioner's finding that Mason is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 12-2417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues decided by the Commissioner."). In determining that question, the Court must evaluate whether the ALJ's decision meets the burden of articulation necessary to enable judicial review; that is, the ALJ must articulate the reasons for

his decision beyond stating bare conclusions. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000).

## III. ANALYSIS

Mason argues that the ALJ erred by: (1) failing to support the mental RFC with evidence; (2) failing to properly evaluate medical opinion evidence; and (3) failing to properly evaluate his symptoms. Doc. 13 at 1. The undersigned addresses each argument in turn.

### A. The ALJ's mental RFC is supported by substantial evidence.

Mason first argues that the ALJ erred in determining his mental RFC because the ALJ, after limiting Mason to no assembly line pace work, identified one job that exceeded that limitation. *Id.* at 11.

The ALJ did include a limitation in the RFC to no assembly line pace work, and identified "conveyor line bakery worker" as one of three jobs that the claimant can perform. Doc. 8-2 at 25. Mason argues that the DOT definition of conveyor line bakery worker requires the worker to "inspect cakes moving along conveyor," thus exceeding the RFC limitation. Doc. 13 at 11, citing DOT 524.687-022. But, as the Defendant points out, Mason ignores the Vocational Expert's (VE) testimony at the hearing, which explained that, while the job has conveyor line in the title,

it does not entail conveyor line work. Doc. 8-2 at 114; *see also* doc. 14 at 7. Rather, the job involves "quality control of the end." Doc. 8-2 at 114. Thus, the ALJ relied upon substantial evidence when he found that Mason could perform the job of conveyor line bakery worker and, so, did not err.

Additionally, the ALJ also identified two more jobs that are consistent with the RFC limitations. *See id.* at 34 (identifying Produce Weigher and Usher). Because the ALJ found at least one job consistent with the RFC's limitations (which Mason does not dispute), any error in identifying the other job was harmless. *See Soto v. Kijakazi*, No. 4:21-CV-1531, 2022 WL 4358087, at *11 (M.D. Pa. Sept. 20, 2022) (holding harmless an ALJ's error in failing to include proper RFC limitation because the RFC determination was consistent with at least one of the jobs identified at step five); *Reep v. Bisignano*, No. 1:24-CV-712, 2025 WL 1508453, at *9 (M.D. Pa. May 27, 2025) (holding same).

Accordingly, the ALJ's step five determination was supported by substantial evidence.

### B. The ALJ properly evaluated NP Lugo-Schlegel's medical opinion.

Mason next argues that the ALJ failed to properly evaluate Nurse Practitioner Lugo-Schlegel's opinion. Doc. 13 at 12. While Mason concedes that the ALJ provided reasons for finding Lugo-Schlegel's opinion only modestly persuasive, he argues that "many" (though, not all) of the ALJ's reasons were "logically unsound." *Id.* Mason's argument, in essence, requests the Court to reweigh the evidence and substitute the Court's judgment for that of the ALJ.

When weighing medical opinions, an ALJ "must consider a range of factors, but all they must explain are the reasons for their decisions." *Zaborowski v. Comm'r of Soc. Sec.*, 115 F.4th 637, 638 (3d Cir. 2024). One way an ALJ can explain consistency and supportability is to compare the medical opinion with the source's own treatment records. *See, e.g., Swank v. O'Malley*, No. 3:23-CV-1244, 2024 WL 4858586, at *10 (M.D. Pa. Nov. 21, 2024) (finding no error in an ALJ's evaluation of a medical opinion where the ALJ noted that a claimant's treating source's opinion was internally inconsistent and was at odds with many treatment notes). Here, the ALJ noted that, though Lugo-Schlegel opined that Mason had "marked" mental limitations, she had "characterized the few abnormal

clinical signs she uncovered as 'fair' consistent with moderate mental limits," not "marked" limits. Doc. 8-2 at 31.

Another way an ALJ can explain supportability and consistency is to compare the opinion to the ALJ's "review of the record, and [how] it fit with the other evidence of [Mason's] condition and treatability." *Zaborowski*, 115 F.4th at 639-40. *See id.* Here, the ALJ points out that Lugo-Schlegel's opinion was inconsistent with other medical sources' mental examinations of Mason, which were mostly normal and did not support her opined "marked" limits. Doc. 8-2 at 31. Even though Mason asks the Court to consider aspects of his treatment records that support his allegations, the Court is not at liberty to reweigh the evidence in his favor. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011) ("Courts are not permitted to re-weigh the evidence or impose their own factual determinations."). Accordingly, the ALJ's evaluation of the medical opinion evidence was supported by substantial evidence.[1]

---

[1] Mason also argues that the ALJ erred in evaluating his symptoms by: (1) noting that Mason provided inconsistent information regarding daily activities; (2) noting that Mason works as a substitute teacher; (3) noting that Mason "appeared to be more interested in having medical professionals sign his disability paperwork than to obtain treatment"; and (4) noting that "numerous mental examinations revealed mostly normal findings." Doc. 13 at 18-21. These arguments, presented under

On the whole, the ALJ's decision is supported by substantial evidence, and thus the undersigned respectfully recommends that the Court affirm the decision of the Commissioner.

## IV. RECOMMENDATION

Accordingly, the undersigned respectfully recommends that:

1. The decision of the Commissioner of Social Security denying Mason's benefits under the Social Security Act be **AFFIRMED**; and

2. The Clerk of Court be **DIRECTED** to **CLOSE** this case.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall

---

the umbrella of "multiple errors," amount to no more than a request to reweigh the evidence, and the Court should summarily dismiss them. *See Jones v. Barnhart*, 365 F.3d 501, 505 (3d Cir. 2024) (explaining that an ALJ need not use particular language or adhere to a particular format in conducting his analysis); *Chandler*, 667 F.3d at 359 ("Courts are not permitted to re-weigh the evidence or impose their own factual determinations."); *Consolo*, 383 U.S. at 620 ("the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence.").

specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

Date: October 5, 2026

*s/Sean A. Camoni*
Sean A. Camoni
United States Magistrate Judge